23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kent PROWELL, Petitioner-Appellant,
v.
William OVERTON, Warden, Respondent-Appellee.
 No. 93-1949.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1994.
 
 Before: MILBURN and GUY, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Kent Prowell was convicted of second degree murder and sentenced to serve twenty-five to fifty years of imprisonment. His conviction and sentence were affirmed by the Michigan Court of Appeals; the Michigan Supreme Court denied petitioner's application for leave to appeal.
 
 
 3
 In his petition for a writ of habeas corpus, Prowell presented five grounds for relief: 1) the trial court failed to suppress a statement given following an arrest without probable cause; 2) the evidence was insufficient to bind him over for trial on charges of felony murder and armed robbery; 3) the prosecutor's opening statement was inflammatory; 4) the trial court's instruction directed a finding that Prowell caused the victim's death; and 5) the sentence was improperly enhanced based on a finding that the offense involved an aggravated physical injury, that is, one designed to inflict special terror or suffering on the victim.
 
 
 4
 Upon review, we conclude that the petition was properly denied because Prowell has not shown that he was denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 5
 Prowell's first claim, that the trial court failed to suppress a statement made following an unlawful arrest, is not subject to federal habeas review because Prowell has had a full and fair opportunity in the state courts to litigate his claim of an unlawful arrest. See Stone v. Powell, 428 U.S. 465, 494-95 (1976).
 
 
 6
 Prowell's next claim, that the evidence was insufficient to bind him over for trial on charges of felony murder and armed robbery, does not present an issue cognizable in a petition for federal habeas relief. See Mayer v. Moeykens, 494 F.2d 855, 859 (2d Cir.), cert. denied, 417 U.S. 926 (1974). He is currently in custody as a result of his conviction, not as a result of a preliminary hearing. See id. Any assertion that the evidence is insufficient to support a conviction for felony murder or for armed robbery is frivolous; Prowell was not convicted on these charges but for second degree murder.
 
 
 7
 Prowell's third claim lacks merit. He maintained that the prosecutor's opening statement, which included references to gay-bashing, to the victim and to the Prowell's intent to create a high risk of death, was inflammatory and prejudicial. To provide a basis for habeas relief, a prosecutor's comments must result in misconduct so egregious as to deny the petitioner a fundamentally fair trial. Donnelly v. DeChristoforo, 416 U.S. 637, 642-43 (1974). Our review of the record reveals that the prosecutor's comments did not result in the denial of a fundamentally fair trial.
 
 
 8
 In his fourth claim, Prowell contended that the trial court's instructions directed a finding that Prowell caused the victim's death. Before a federal court may grant habeas relief based on allegedly erroneous jury instructions, a petitioner must establish not only that the instructions were undesirable, erroneous, or even universally condemned, but also that, taken as whole, the instructions were so infirm as to deny the petitioner a fair trial. Estelle v. McGuire, 112 S.Ct. 475, 482 (1991). The record does not support Prowell's allegation of constitutionally infirm instructions.
 
 
 9
 Finally, Prowell's contention that the evidence did not support an enhancement under state sentencing guidelines is a matter of state law and, absent a showing that Prowell was denied fundamental fairness at trial, does not entitle him to habeas relief. See id. at 480. Prowell has not demonstrated that he was denied a fundamentally fair trial.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation